UNITED STATES of America, Plaintiff,

v.

William D. KILLION, Jr., Defendant.

No. 90–10004–01.

United States District Court,
D. Kansas.

Aug. 14, 1992.

---

Kim Fowler, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

William D. Killion, Jr., pro se.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on two motions filed by the defendant: (1) Motion for verbatim copy of guilty plea hearing

transcript and sentencing hearing transcript, Doc. 126; and (2) Motion for an order to expedite delivery of guilty plea and sentencing hearing transcripts to defendant, Doc. 129. In the former motion, defendant asserts that he has been granted leave to proceed in forma pauperis and that he needs the requested transcripts to demonstrate the government's breaches of the plea agreement. In the latter motion, defendant seeks to speed up the delivery of the transcripts. The court file reflects that no transcripts have been ordered. Doc. 111.

The defendant, proceeding pro se, filed a letter which the court construed as a motion to vacate sentence, 28 U.S.C. § 2255. Doc. 97. Defendant argued that the court sentenced him based on an erroneous computation of the amount of P–2–P involved in the offense of conviction. In connection with this argument, the defendant made some allegations that his court-appointed attorney rendered ineffective assistance. Defendant also argued that he was improperly being denied credit for time served in the county jail under a federal writ. After full briefing by the defendant and the government (*see* Docs. 100, 102, 104, 105), the court denied defendant's motion in a memorandum and order dated March 26, 1992. Doc. 109. The defendant has filed a notice of appeal. Doc. 110.

Defendant seeks to have copies of the transcripts of the plea and sentencing hearings provided to him without charge. The relevant statute provides in pertinent part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753.

The transcripts of the defendant's plea and sentencing hearings are not needed to decide the issues presented by the defendant's appeal of his section 2255 motion. The issues raised in the defendant's motion involved the amount of P–2–P and credit for jail time. The legal authority for the court's ruling is reflected in the court's memorandum and order. The defendant has not alleged why the transcripts are necessary for the resolution of these issues.

The defendant notes in his motion that he needs the transcript to demonstrate that the government breached its side of the plea agreement. The court merely notes that the defendant did not raise this issue before this court in his section 2255 motion.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for transcript (Doc. 126) and motion for expedited delivery of transcript (Doc. 129) are both hereby denied.